IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORVIN J. FLYINGHORSE, JR,

                Plaintiff,

                                      CIVIL ACTION
    vs.                                  No. 07-3208-SAC

ROGER WERHOLTZ, et al.,

                Defendants.

### ORDER

Plaintiff, an inmate confined in a Kansas correctional facility, proceeds pro se on a civil complaint filed under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

Because plaintiff is a prisoner, the court is required to review the complaint and dismiss it or any portion thereof that is

---

[1] Pursuant to 28 U.S.C. § 1915(b)(2), the Finance Office of the facility where he is incarcerated is directed by a copy of this order to collect twenty percent (20%) of plaintiff's prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In his complaint, plaintiff seeks damages under 42 U.S.C. § 1983 for being denied immediate medical care in April or May of 2006[2] for a serious medical condition that developed around 11:00 PM while plaintiff was incarcerated in the Hutchinson Correctional Facility (HCF). A nurse placed plaintiff in the infirmary and called Dr. Potter to report plaintiff was experiencing severe vomiting. Plaintiff received nursing care until the doctor arriving for the morning shift hospitalized plaintiff. At the hospital, plaintiff was treated for a collapsed lung and ruptured bowel which required removal of a necrotic bowel section.

In this action, plaintiff seeks damages for the alleged violation of his rights under the Eighth Amendment by Dr. Potter's deliberate indifference to plaintiff's medical needs, which caused delay in medical treatment that threatened plaintiff's life. Plaintiff also seeks damages for medical malpractice by 24 additional defendants including twenty HCF medical staff, and various officials within the Kansas Department of Corrections (KDOC).

The court first finds all defendants but for Dr. Potter are subject to being summarily dismissed because plaintiff identifies no

---

[2] The complaint identifies May 22, 2006, as the date of this incident, but plaintiff also states specifically states that May 22, 2006, is incorrect and that April 13, 2006, is the correct date.


personal participation by any defendant other than Dr. Potter in the alleged violation of his constitutional rights.[3]

It is well established that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)(quotation omitted). Personal participation is an essential allegation in a § 1983 action. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).

Here, plaintiff appears to simply name as defendants members of the medical staff on duty the night he became ill,[4] but identifies no misconduct by any such defendant. Additionally, any defendant's actions in responding to plaintiff's attempt through administrative grievances and appeals to obtain the names of the medical staff on duty the night he became ill is insufficient to establish an actionable claim under 42 U.S.C. § 1983.

Having carefully reviewed plaintiff's sparse allegations as liberally construed and as true, the court finds it appropriate to

---

[3]Plaintiff's failure to allege the personal wrongdoing by any defendant other than Dr. Potter also defeats plaintiff's attempt to proceed against the other 24 defendants on state tort claims if the court were to exercise its supplemental jurisdiction in this matter.

[4]Plaintiff requested the names of all medical staff on duty May 22, 2006. The response provided the names of medical staff on site on May 22, 2007. Plaintiff states the corrected date for his illness, however, is April 22, 2006.

direct plaintiff to show cause why all claims against all defendants but for Dr. Potter should not be summarily dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in all defendants but for Dr. Potter being summarily dismissed from this action for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to be collected from automatic payments from plaintiff's inmate account, as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why all defendants but for Dr. Potter should not be summarily dismissed for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 2nd day of June 2009 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge